UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23701-CIV-HUCK/O'SULLIVAN

GEORGE SORELL, individually and
on behalf of persons similarly situated,

    Plaintiff,
vs.

SYX SERVICES, INC., TIGERDIRECT, INC.,
SYSTEMAX COMPUTERS, INC.,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE

THIS MATTER came before the Court following a fairness hearing held before the undersigned on February 12, 2010.

THE COURT has heard from counsel and considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. The district court may approve the settlement in

order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide dispute over legal issues as to whether the plaintiff is exempt under the FLSA act. The Court has reviewed the terms of the Settlement Agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.[1]  Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Settlement Agreement (including attorney's fees and costs)  is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice and that the Court **retain jurisdiction until March 15, 2010,** to enforce the terms of the settlement.

**DONE AND ORDERED**, in Chambers, at Miami, Florida this 12th day of February, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

U.S. District Judge Huck
All counsel of record

---

[1] After hearing evidence on the allocation of the settlement funds, the undersigned instructed that an additional $400.00 previously allocated for attorney's fees be provided to the plaintiff as part of his settlement.  Plaintiff's counsel agreed to do so.